IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: WILLIAM EDWARD KILLIAN                                      NO. 05-14629-HB

ROSE MARY KILLIAN

WILLIAM EDWARD KILLIAN                                             PLAINTIFF
ROSE MARY KILLIAN

VS.                                                                ADVERSARY NO. 08-80250-HB

GREEN TREE SERVICING, LLC                                          DEFENDANT

## ANSWER TO COMPLAINT

Green Tree Servicing LLC ("Green Tree") answers the complaint of William Edward Killian and Rose Mary Killian as follows:

### AFIRMATIVE DEFENSES

### A. FOR A FIRST DEFENSE

1.   The complaint fails to state a claim for which relief may be granted and should be dismissed pursuant to F.R.C.P. 12 (b)(6) and Rule 7012, F.R.B.P.

### B. FOR A SECOND DEFENSE

2.   The complaint seeks an advisory opinion for damages and injuries not yet sustained and are not ripe for adjudication.

### C. FOR A THIRD DEFENSE

3.   That no private right of action exists under the Gramm-Leach Bliley Act, Federal Bankruptcy Rule 9037, E-Government Act of 2002, Local Bankruptcy Rule 9029-1, 11 USC §107(c), and Federal Rule of Civil Procedure 5.2. Therefore, the Plaintiffs' Complaint fails to

1

state a cause of action upon which relief may be awarded and the allegations should be dismissed.

### D. FOR A FOURTH DEFENSE

4. That the South Carolina Unfair Trade Practices Act (39-5-10, et seq., South Carolina Code of Laws, 1976 (as amended)) applies only where the alleged unfair and deceptive acts occur in the conduct of trade or commerce.

5. That the alleged unfair and deceptive acts did not occur in trade or commerce.

### E. FOR A FIFTH DEFENSE

6. That the Plaintiffs claim of punitive or exemplary damages are in violation of the rights of the Defendant under the United States Constitution and the Constitution of the State of South Carolina.

### F. FOR A SIXTH DEFENSE

7. The Defendant pleads the applicable statute of limitations as a complete bar to Plaintiff's action.

### ANSWERS TO NUMBERED PARAGRAPHS OF COMPLAINT

1. That the allegations of paragraph 1 through 4 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 1 through 4 are denied and strict proof thereof is demanded.

2. As to the allegations in paragraph 5 of Plaintiffs' Complaint, Defendant admits that the Plaintiffs were debtors under Chapter 13 of Title 11 of the United States Code, but would show that the Plaintiff's bankruptcy case, bearing case number 05-14629-HB, has been

2

discharged under 11 U.S.C. §1328(a) as evidenced by that certain order of The Honorable Helen Burris dated and filed December 8, 2008.

3. Defendant admits the allegations contained in paragraphs 6 through 12 of Plaintiff's Complaint.

4. As to the allegations contained in paragraph 13 of Plaintiffs' Complaint, the Defendant admits that Plaintiff filed a motion to restrict public access to prevent the public from accessing the filed documents. Defendant denies that the motion was granted on August 4, 2008, and would rather show the Order Granting Motion to Restrict Public Access was filed August 1, 2008.

5. Defendant denies the hypothetical allegations contained in paragraphs 14 through 15 of Plaintiff's Complaint.

6. That the allegations of paragraphs 16 through 17 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 16 through 17 are denied and strict proof thereof is demanded.

7. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint and would further show that Bankruptcy Rule 9037 did not exist in its present form when the proof of claim was filed.

8. That the allegations of paragraph 19 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 19 are denied and strict proof thereof is demanded.

## AS TO THE FIRST CAUSE OF ACTION

9. The Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein.

10. That the allegations of paragraphs 21 through 22 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraphs 21 through 22 are denied and strict proof thereof is demanded.

11. The Defendant admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraphs 24 through 25 of Plaintiff's Complaint.

13. That the allegations of paragraph 26 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 26 are denied and strict proof thereof is demanded.

14. The Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

## AS TO THE SECOND CAUSE OF ACTION

15. Responding to the allegations of paragraph 28, the Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein.

16. That the allegations of paragraph 29 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 29 are denied and strict proof thereof is demanded.

17. As to the allegations contained in paragraph 30 of Plaintiff's Complaint, the referenced policy speaks for itself and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 30 of Plaintiff's Complaint are denied.

18. As to the allegations contained in paragraph 31 of Plaintiff's Complaint, the referenced Act speaks for itself and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 31 of Plaintiff's Complaint are denied.

19. As to the allegations contained in paragraph 32 of Plaintiff's Complaint, the referenced policy speaks for itself and Defendant is not required to answer.

20. That the allegations of paragraph 33 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 33 are denied and strict proof thereof is demanded.

21. The Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

22. As to the allegations contained in paragraph 35 of Plaintiff's Complaint, the referenced statute speaks for itself and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 35 of Plaintiff's Complaint are denied.

## AS TO THE THIRD CAUSE OF ACTION

23. Responding to the allegations contained in paragraph 36 of Plaintiff's Complaint, the Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein.

24. The Defendant admits the allegations contained in paragraph 37 of Plaintiff's Complaint

25. The Defendant admits the allegations contained in paragraph 38 of Plaintiff's Complaint.

26. The Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint and would further show that Bankruptcy Rule 9037 did not exist in its present form when the proof of claim was filed.

27. As to the allegations contained in paragraph 40 of Plaintiff's Complaint, the referenced statute speaks for itself and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 40 of Plaintiff's Complaint are denied.

28. That the allegations of paragraph 41 are conclusions of law and the Defendant is not required to answer the same. Except as otherwise stated, the allegations contained in paragraph 41 are denied and strict proof thereof is demanded.

## AS TO THE FOURTH CAUSE OF ACTION

29. Responding to the allegations contained in paragraph 42 of Plaintiff's Complaint, the Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein. .

30. The Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint

31. As to the allegations contained in paragraph 44 of Plaintiff's Complaint, the referenced case speaks for itself and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 44 of Plaintiff's Complaint are denied.

## AS TO THE FIFTH CAUSE OF ACTION

32. Responding to the allegations contained in paragraph 45 of Plaintiff's Complaint, the Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein.

33. The Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

34. The Defendant admits the allegations contained in paragraph 47 of Plaintiff's Complaint.

35. As the allegations contained in paragraph 48 of Plaintiff's Complaint, the referenced case speaks for itself, and Defendant is not required to answer. Except as stated, the allegations contained in paragraph 48 of Plaintiff's Complaint are denied.

36. The Defendant denies the allegations contained in paragraph 49 through 52.

## AS TO THE CLAIM OF ACTUAL DAMAMGES

37. Responding to the allegations contained in paragraph 53 of Plaintiff's Complaint, the Defendant repeats and re-alleges each foregoing paragraph as though fully set out herein.

38. The Defendant denies the allegations contained in paragraphs 54 through 55 of Plaintiff's Complaint.

39. The Defendant lacks information and knowledge as to the allegations contained in paragraph 56 of Plaintiffs Complaint, denies the same and demands strict proof thereof.

40. The Defendant denies the allegations contained in paragraphs 57 through 60 of Plaintiff's Complaint.

LEATH, BOUCH, CRAWFORD & VON KELLER, LLP

Theodore von Keller
P.O. Box 4216
Columbia, SC 29240
**Attorney for Defendant**

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:  WILLIAM EDWARD KILLIAN                               NO. 05-14629-HB

ROSE MARY KILLIAN

---

WILLIAM EDWARD KILLIAN                                       PLAINTIFF
ROSE MARY KILLIAN

VS.                                                          ADVERSARY NO. 08-80250-HB

GREEN TREE SERVICING, LLC                                    DEFENDANT

---

CERTIFICATE OF SERVICE

This is to certify, that I, Wayne Bellflower, III, a Paralegal with the firm of Leath, Bouch, Crawford & von Keller, LLP, am this day serving on the persons indicated below the Answer to Complain on behalf of Green Tree Servicing LLC in this matter by placing a copy of same in the United States Mail, postage pre-paid, in envelopes addressed as follows:

John R. Cantrell, Jr.
PO Box 1276
Goose Creek SC  29445

William K. Stephenson, Jr.
PO Box 8477
Columbia SC  29202

_____
Wayne Bellflower, III

Columbia, South Carolina

January 21, 2009