IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:    WILLIAM EDWARD KILLIAN    NO. 05-14629-HB

ROSE MARY KILLIAN

---

WILLIAM EDWARD KILLIAN    PLAINTIFF
ROSE MARY KILLIAN

VS.    ADVERSARY NO.: 08-80250-HB

GREEN TREE SERVICING, LLC    DEFENDANT

---

### REPLY TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR JUDGMENT ON THE PLEADINGS

The above named Defendant, Green Tree Servicing LLC (hereinafter referred to as "Green Tree"), by and through counsel, hereby responds to Plaintiff's Motion to Strike Answer and For Judgment on the Pleadings:

The adversary Summons in this matter was filed on December 22, 2008, making Green Tree's answer or other responsive pleadings due on or before January 21, 2009. On January 21, 2009, Green Tree filed an Answer to Plaintiff's Complaint and served the same upon Plaintiff's counsel electronically and by U.S. Mail. Green Tree erroneously failed to file the Rule 7007.1(a) disclosure, as Green Tree is a privately held, limited liability company that is not publicly traded, and therefore, believed it was not governed by Rule 7007.1(a). On, December 28, 2009, Green Tree filed the Rule 7007.1(a) disclosure, after receiving Plaintiff's Motion to Strike Answer, which was filed without consultation.

Rule 7007.1(a) of the Federal Bankruptcy Rules requires any corporation that is party to an adversary proceeding to file a statement that identifies any "corporation, other than a governmental unit, that directly or indirectly owns 10% of more of any class of the corporation's equity interest, or states that there are no entities to report under this subdivision." The purpose of this rule is to supply the information necessary to determine whether a judge should be disqualified from presiding over the

adversary proceeding. See Advisory Committee Notes, Rule 7007.1, F.R.B.P. The Advisory Committee Notes also make it clear that the disclosure is not a "pleading" as defined by Rule 7 of the Federal Rules of Civil Procedure. See Advisory Committee Notes, 2007 Amendments, Rule 7007.1, F.R.B.P.

Plaintiff's Motion to Strike Answer and for Judgment on the Pleadings seeks to claim a quick victory due to Green Tree's failure to file the Rule 7007.1 disclosure with its initial pleadings. Rule 7007.1 however does not provide that the result of failing to comply with said rule will result in its pleadings being struck. Additionally, Plaintiff's counsel can point to no case law supporting the requested relief. To the contrary, the only reported case on this issue known to counsel reaches a very different result. In *In Re McGraw* the Court examined what effect the failure to file the 7007.1 disclosure has, and determined that the failure to file the disclosure with initial pleadings does not warrant dismissal, as the "rule was instituted to help litigants and court members determine when a court member has a conflict." 2007 WL 1076690 (Bkrtcy N.D.Ala.) . The Court refused to consider the Motion to Dismiss for failure to file the 7007.1 disclosure holding it had "no applicability to the dismissed issue before this Court. *In Re McGraw*, 2007 WL 1076690 (Bkrtcy N.D.Ala.). The McGraw Court's ruling comports with Rules 12(f) and 55(a) of the Federal Rules of Civil Procedure, which allow the Court to strike "pleadings" or enter default upon failure to file "pleadings".

In this case, the Rule 7007.1 disclosure filed by Green Tree reveals that Green Tree Servicing, LLC is not a publicly traded corporation and is a privately held, limited liability company with no stock and that all the parent corporations are also limited liability companies which are also not publicly traded and have no stock. Green Tree Servicing, LLC as a limited liability company only has membership interests. The only potential corporation which may own some interest in Green Tree Servicing, LLC is Lehman Brothers Holdings, Inc. which counsel has been informed and believes does not own directly or indirectly ten (10%) or more of any class of Green Tree Servicing, LLC's equity interests. In light of such information, Green Tree believes that the Rule 7007.1 disclosure was not required, and, in the

event that it was required, Green Tree has now complied, the result of which will not likely result in any judicial disqualifications. Therefore, Plaintiff will not be prejudiced in any manner by the late filing of Green Tree's 7007.1 disclosure.

In light of the above information, Green Tree respectfully requests that Plaintiff's Motion to Strike Answer and for Judgment on the Pleadings be dismissed.

LEATH, BOUCH, CRAWFORD & VON KELLER, LLP

BY: *Theodore von Keller* (signature)
Theodore von Keller # 5213
B. Lindsay Crawford, III #0921
Sara C. Hutchins #9571
Post Office Box 4216
Columbia, South Carolina 29240
(803) 790-2626
Attorneys for Defendant
Green Tree Servicing, LLC

Columbia, South Carolina
January 29, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:   WILLIAM EDWARD KILLIAN                                NO. 05-14629-HB

ROSE MARY KILLIAN

---

WILLIAM EDWARD KILLIAN                                         PLAINTIFF
ROSE MARY KILLIAN

VS.                                                            ADVERSARY NO.: 08-80250-HB

GREEN TREE SERVICING, LLC                                      DEFENDANT

---

### CERTIFICATE OF SERVICE BY MAIL

I, Sara C. Hutchins, an employee of Leath, Bouch, Crawford & von Keller, LLP, do hereby certify that on this day I served the persons indicated below with the Reply to Plaintiff's Motion to Strike Answer and for Judgment on the Pleadings of Defendant Green Tree Servicing, LLC, by placing a copy of same in the United States Mail, postage pre-paid, in envelopes addressed as follows:

John R. Cantrell, Jr., Esquire
Attorney at Law
Post Office Box 1276
Goose Creek, South Carolina 29445

William K. Stephenson, Jr., Esquire
Trustee
Post Office Box 8477
Columbia, South Carolina 29202

SARA C. HUTCHINS

Columbia, South Carolina
January 29, 2009