IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:   WILLIAM EDWARD KILLIAN | NO. 05-14629-HB |
| ROSE MARY KILLIAN | |

| | |
|---|---|
| WILLIAM EDWARD KILLIAN<br>ROSE MARY KILLIAN | PLAINTIFF |
| VS. | ADVERSARY NO.: 08-80250-HB |
| GREEN TREE SERVICING, LLC | DEFENDANT |

### DEFENDANT'S RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to rule 26(a)(1) of the *Federal Rules of Civil Procedure*, Defendant, Green Tree Servicing, LLC ("Defendant"), hereby serves the following Initial Disclosures to Plaintiff:

1. Give the names and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment, identifying the subjects of the information.

RESPONSE: Pursuant to Rule 26(a)(1)(A), Defendant identifies the following individuals likely to have discoverable information that it may use to support its claims or defenses in thsi case. This list is not intended to be a list of every person with knowledge in the areas listed and is in addition to the witnesses identified by the Plaintiff. The list constitutes Defendant's good faith effort to identify persons with substantial knowledge that may be relevant to its claims or defenses at this stage in the litigation.

> William Edward Killian
> Rose Mary Killian
> 2001 Bay View Drive
> Green Sea, South Carolina 29545-4912
>
> Employees of Green Tree Servicing LLC
> Columbia, South Carolina

Defendants reserve the right to amend or supplement the lists of potential witnesses and to depose other witnesses based on information obtained from ongoing investigations and future discovery.

2.  Provide a copy of, or set forth a description by category and location of, all documents, electronically and stored information, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

RESPONSE: Pursuant to Rule 25(a)(1)(B), *Federal Rules of Civil Procedure*, Defendant identifies the following category of documents, data compilations, and tangible things in their possession, custody, or control that they may use to support its counterclaims and affirmative defenses, unless solely for impeachment. Such documents are located at Defendant's offices and premises:

- **Proof of claim filed;**
- **Motion to Lift Stay filed.**

3.  Provide a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

RESPONSE: **At this time, Defendant is not seeking damages.**

4.  Provide for inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE: Pursuant to Rule 26(a)(1)(D), *Federal Rules of Civil Procedure*, Defendant currently unaware of any documents responsive to this request.

## DEFENDANT'S RULE 26(A)(2) DISCLOSURE OF EXPERT TESTIMONY

A.  The name and, if not previously provided, the address and telephone number of each expert witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

RESPONSE: **Defendant has not employed an expert witness but reserves the right to do so and disclose to the Plaintiff.**

B.  The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

RESPONSE: **Defendant expects to take the deposition of the Plaintiff and will provide the pertinent portions of the transcripts upon review of same.**

C.  An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

RESPONSE: See 2 above.

LEATH, BOUCH, CRAWFORD & VON KELLER, LLP

BY: _____
Theodore von Keller # 5213
B. Lindsay Crawford, III # 0921
Sara C. Hutchins # 9571
Post Office Box 4216
Columbia, South Carolina 29240
(803) 790-2626
Attorneys for Defendant
Green Tree Servicing, LLC

Columbia, South Carolina

February 13, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:   WILLIAM EDWARD KILLIAN                    NO. 05-14629-HB

ROSE MARY KILLIAN

---

WILLIAM EDWARD KILLIAN                              PLAINTIFF
ROSE MARY KILLIAN

VS.                                                 ADVERSARY NO.: 08-80250-HB

GREEN TREE SERVICING, LLC                           DEFENDANT

---

## CERTIFICATE OF SERVICE BY MAIL

I, Donna B. Elliott, an employee of Leath, Bouch, Crawford & von Keller, LLP, do hereby certify that on this day I served the persons indicated below with the Defendant's Rule 26(A)(1) Initial Disclosures, by placing a copy of same in the United States Mail, postage pre-paid, in envelopes addressed as follows:

John R. Cantrell, Jr., Esquire
Attorney at Law
Post Office Box 1276
Goose Creek, South Carolina 29445

William K. Stephenson, Jr., Esquire
Trustee
Post Office Box 8477
Columbia, South Carolina 29202

_____
DONNA B. ELLIOTT

Columbia, South Carolina
February 13, 2009