UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>William Edward Killian<br>Rose Mary Killian<br><br>                  Debtor(s).<br><br>William Edward Killian<br>Rose Mary Killian,<br>                              Plaintiff(s),<br>v.<br><br>Green Tree Servicing LLC<br>                              Defendant. | CASE NO:   05-14629-hb<br><br>Adv. Pro. No.: 08-80250-hb<br><br>CHAPTER:     13 |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

      COMES NOW Plaintiffs (aka "Debtors"), in the above-styled and numbered case, and file this Objection to Defendant's Motion to Dismiss the Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction pursuant to FRBP 7012(b) and FRCP 12(b). Plaintiffs deny that the Complaint fails to state a claim upon which relief can be granted or that the Court lacks subject matter jurisdiction, and ask that the Court deny Defendant's Motion.

<strong><u>RESPONSE TO DEFENDANT'S ALLEGATIONS</u></strong>

1.     Admitted, but irrelevant. Plaintiffs do not allege that violation of the GLB Act by itself provides a private right of action. Instead, Plaintiffs allege that the GLB Act sets forth a statutory standard of care that Defendant has violated. Debtor also maintains that

a violation of the GLB Act, in combination with 11 U.S.C. 105 and the other allegations of the Complaint, may provide a stepping stone to other forms of relief.

2.Admitted, but irrelevant. See paragraph 1 since it applies equally to this allegation in relation to the E-Government Act of 2002 and LBR 9029-1.

3.Admitted, but irrelevant. Plaintiffs' allegations on this cause of action sound in contempt, which requires no private right of action. Defendant is essentially saying that it can violate the bankruptcy Code and Rules with impunity and that the Court is powerless to hold it in contempt for doing so when a Debtor brings this violation to the attention of the Court. This contention is both ridiculous and impertinent.

4.Admitted. However, other causes of action cited in Plaintiffs' Complaint support judgment against the Defendant for filing an unredacted proof of claim in 2005 before the effective date of Rule 9037.

5.Denied. Plaintiffs have specifically alleged damages in the Complaint. Furthermore, damages are a question of fact to be proven at trial, and a Complaint should not be dismissed where damages are properly alleged, although not yet proven.

6.Denied.

7.Denied in part. Section 105(a) of the Code speaks for itself and should be used where appropriate to enforce the bankruptcy court's authority to sanction those who willfully or repeatedly disregard the Code and Rules.

8.See paragraph 7 above since this allegation is duplicative.

9.Denied.

10.Debtors deny each and every allegation of Defendant's Motion to Dismiss not specifically admitted. Debtors also incorporate herein by reference their Memorandum of

Law on these issues to be filed later this week.

## MOTION TO DISMISS STANDARD

Plaintiffs dispute the ability of the Defendants to have the Court consider anything other than the allegations that appear on the face of the pleadings in determining whether the Motion to Dismiss should be granted. Plaintiffs request, pursuant to FRCP 12(d) that the Court exclude from consideration all matters outside the pleadings while ruling on this Motion to Dismiss. "When reviewing a motion to dismiss, it is inappropriate to consider facts outside of the amended complaint as the Court's inquiry is limited to whether [plaintiff's] allegations constitute a short and plain statement of claim showing that he is entitled to relief." (*In Re Worldwide Wholesale Lumber, Inc.*, C/A No. 06-01499-JW, A/P No. 07-80008-JW (Bankr. D.S.C. 5-21-07))

A motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Migdal v. Rowe Price-Fleming Int'l, 248 F.3d 321, 325 (4th Cir. 2001). Further, a court "must view the complaint in the light most favorable to the plaintiff." GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).

Since Debtors' Complaint presents a short and plain statement of the claim showing that they are entitled to relief, and otherwise complies with the standard to survive a motion to dismiss, Debtors request that the Court deny Defendant's Motion to Dismiss their Complaint.

WHEREFORE, the Plaintiffs pray that Defendant's Motion to Dismiss be denied and for such other and further relief as to the Court may seem just and proper.

Date: May 4, 2009

/s/ John R. Cantrell, Jr.
Attorney for Plaintiffs
Cantrell Law Firm PC
PO Box 1276
Goose Creek, SC 29445-1276
843-797-2454 voice
309-213-0922 fax
lawyer@cantrellclan.com
Fed. Ct. ID # 4951