IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:    WILLIAM EDWARD KILLIAN              NO. 05-14629-HB

ROSE MARY KILLIAN

WILLIAM EDWARD KILLIAN                         PLAINTIFF
ROSE MARY KILLIAN

VS.                                            ADVERSARY NO.: 08-80250-HB

GREEN TREE SERVICING, LLC                      DEFENDANT

## AMENDED MEMORANDUM IN SUPPORT OF GREEN TREE SERVICING, LLC'S MOTION TO DISMISS

The above named Defendant, Green Tree Servicing LLC (hereinafter referred to as "Green Tree"), by and through counsel, hereby submits this Memorandum in Support of its Motion to Dismiss in the above captioned action.

### I. STATEMENT OF FACTS

William Edward Killian and Rose Mary Killian (hereinafter collectively referred to as "Killians") filed Chapter 13 bankruptcy on October 16, 2005. On November 2, 2005, Green Tree filed its proof of claim, attaching a copy of the February 1999 Retail Installment Contract evidencing the debt owed by the Killians. When filing said proof of claim, Green Tree inadvertently failed to redact the social security numbers of the Killians that were on the 1999 Retail Installment Contract. GreenTree's proof of claim was not complained of until a Motion for Relief from Stay, supported by a copy of Green Tree's 1999 Retail Installment Contract, was filed on behalf of Green Tree on Wednesday, July 30, 2008. After said filing, the Killians immediately filed a Motion to Restrict Public Access on July 30, 2008. On, Monday, August 4, 2008, five days after the filing of Green Tree's Motion for Relief from Stay, the Court entered an Order Restricting Public Access.

On August 29, 2008, the Killians and Green Tree entered into an Settlement Order regarding Green Tree's Motion for Relief from Stay, and on December 8, 2008, the Killians were discharged from bankruptcy. On December 19, 2008, eleven (11) days after the entry of the discharge order, the Killians filed this Adversary Complaint against Green Tree seeking monetary damages for Green Tree's alleged violations of the Gramm-Leach-Bliley Act, E-Government Act of 2002, Local Bankruptcy Rule 9029-1, 11 U.S.C. §107(c), Federal Rule of Bankruptcy Procedure 9037, South Carolina Unfair Trade Practices Act, and alleging negligence. On January 21, 2009, Green Tree filed an Answer to Plaintiff's Complaint.

## II. ARGUMENT

### A. PLAINTIFFS' CAUSES OF ACTION ONE (1) THROUGH THREE (3) SHOULD BE DISMISSED AS 11 USC §105 DOES NOT CREATE A PRIVATE RIGHT OF ACTION

In the First, Second, and Third Causes of Action the Plaintiff asserts private rights of action for monetary damages against Green Tree based on the Court's statutory contempt powers under 11 USC §105. It is well established, however, that 1 USC §105 is not to be used for the purpose of creating private remedies that are not expressly or impliedly created in another provision of Title 11. *In Re Taylor*, 263 B.R. 139, 15 (N.D.Ala 2001). See also *In Re Powe*, 278 B.R. 539 (S.D. Ala 2002)("This court has already ruled that a private right of action does [not] exist under 11 USC 105"); *In Re GGC Assoc.*, 178 B.R. 862 (Bankr. M.D.fla 1995) (holding §105 does not grant a Bankruptcy Court unlimited power to enter orders which have no basis in the Code); *Walls v. Wells Fargo Bank N.A.*, 255 B.R. 38 (E.D. Calif. 2000)("As the Supreme Court has repeatedly emphasized, the 'fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'")

Plaintiffs' causes of action one(1) through three (3) which seek recovery pursuant to 11 USC §105 for various alleged disclosure violations, must therefore be dismissed with prejudice as this Court does not have jurisdiction to hear a private contempt action.

B. **PLAINTIFFS' FIRST CAUSE OF ACTION SHOULD BE DISMISSED AS THE GRAMM-LEACH-BLILEY ACT, 15 USC §§6801 THROUGH 6809, DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION**

Plaintiffs' first cause of action seek is damages for violation of the Gramm-Leach-Bliley Act, 15 USC §§6801 through 6809 (hereinafter referred to as "GLBA"), however, the GLBA also <u>does not</u> provide a private cause of action. See *In Re Patchell* 336 B.R. 1 (D. Massachusetts 2005); *Menton v. Experian Corp.* 2003 WL 21692820 (S.D.N.Y. 2003); *Avery v. United States*, 2005 WL 6112629 (Fed Cl); *American Family Mutual Insurance Company v. Roth*, 2005 WL 3700232 (N.D. Ill); *Borinksk v. Williamson*, 2004 WL 433746 (N.D. Tex 2004); <u>5 ALR Fed 2d 497</u>. Furthermore, by its express language the provisions of the GLBA are to be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission rather than the Courts. See 15 U.S.C.A. §§6801-6809; <u>9 CJS Banks and Banking §270</u>; <u>5 ALR Fed 2d 497</u>; *Avery v. United States*, 2005 WL 6112629 (Fed. Cl. 2005).

Numerous courts have also sought to determine if Congress created an implied private cause of action for violations of the GLBA and have universally held it did not. *American Family Mutual Ins. Co. v. Roth*, 2005 WL 3700232 (N.D. Ill. 2005); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 US 11, 20-21, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ("when Congress wants to create rights it knows how to do it") This same result was reached recently in the Middle Disstrict of Alabama where the Court dismissed three (3) adversary proceedings finding that there was neither a direct private cause of action under GLBA nor an implied one. See *In Re Newton*, United States Bankruptcy Court, Middle District of Alabama Adv. Proc. 08-

1106; *In Re Barrow*, United States Bankruptcy Court, Middle District of Alabama Adv. Proc. 08-1107; *In Re Buttlen*, United States Bankruptcy Court, Middle District of Alabama Adv. Proc. 08-1108.

Because no private right of action exists under the GLBA the Court must dismiss the First Cause of Action in Plaintiff's complaint with prejudice.

C. **PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED AS THE E-GOVERNMENT ACT OF 2002 AND LOCAL BANKRUPTCY RULE 9029-1 DO NOT PROVIDE A PRIVATE CAUSE OF ACTION**

In the Second Cause of Action in their Complaint, the Killians ask the Court to award damages pursuant to its contempt powers under 11 USC §105 for the disclosure of their social security numbers as prohibited by the E-Government Act (44 U.S.C. §§3500, et seq). The E-Government Act of 2002, however, provides no private right of action, and, as stated above, a private cause of action cannot be created through 11 USC §105.

Furthermore, "Rules governing procedure in the federal courts do not give rise to private causes of action." *Good v. Khosrowshahi*, 2008 WL 4596342 (CA10 NM) See also cases cited therein. Therefore there is no private cause of action under Local Rule 9029.1.

Because no private right of action exists under the E-Government Act of 2002 or Local Bankruptcy Rule 9029.1 Green Tree asks this court to dismiss the Plaintiff's complaint with prejudice.

D. **PLAINTIFF'S THIRD CAUSE OF ACTION SHOULD BE DISMISSED AS FEDERAL BANKRUPTCY RULE 9037, FEDERAL RULE OF CIVIL PROCEDURE 5.2 AND 11 USC §107(C) DO NOT PROVIDE A PRIVATE CAUSE OF ACTION**

In their Third Cause of Action, Plaintiffs allege that the Defendant's filing of a proof of

claim and Motion to Lift Stay with the Plaintiffs' social security numbers is a violation of Federal Bankruptcy Rule 9037, Federal Rule of Civil Procedure 5.2 and 11 USC §107(c) entitled them to damages. As previously stated, "rules governing procedure in the federal courts do not give rise to private causes of action." *Good v. Khosrowshahi*, 2008 WL 4596342 (CA10 NM) See also cases cited therein. Therefore, there is no private right of action for recovery of damages under Federal Bankruptcy Rule 9037 or Federal Rule of Civil Procedure 5.2.

Plaintiff contends that Green Tree violated 11 USC §107 by filing the proof of claim and motion to lift stay with the Killians social security numbers. "Section 107, however, addresses the operation of the court, not the behavior of parties who appear before it." *Southhall v. Check Depot, Inc.*, 2008 WL 5330001 (Bkrtcy. N.D.Ala). Section 107 grants the court the power, for cause, to protect an individual from the disclosure of information that would create the undue risk of identity theft. 11 USC §107. In this case, the Court used its power pursuant to Section 107 when it entered its order Restricting Public Access on August 4, 2008. Furthermore, "section 107 does not give rise to a private cause of action; rather, it grants power to the Court to restrict the filing of certain information, for cause". *Id.*

E. **PLAINTIFFS FOURTH CAUSE OF ACTION FOR NEGLIGENCE SHOULD BE DISMISSED AS PLAINTIFF HAS NO ACTUAL DAMAGES**

In Plaintiff's Fourth Cause of Action, they contend that the violations of the above mentioned statutes give rise to a cause of action for negligence. As to allegations of negligence, South Carolina Courts have held that a Plaintiff must prove three elements. These elements are (1) a duty of care owed by the Defendant to the plaintiff; (2) Defendant's Breach of that duty by a negligent act or omission; and (3) damages to the Palintff proximately resulting from the breach of duty. See *Trivelas v. South Carolina Dep't of Transportation*, 348 S.C. 125,130, 558 S.E.2d 271, 275 (Ct. App. 2001)

In an action alleging negligence, actual damages can be recovered upon proof, however, speculative damages are not recoverable. *United Merchants & Mfrs v. SCE&G, Co.*, 113 F.Supp 256, aff'd 208 F.2d 685 (DSC 1953); *Llewellyn v. Atlantic Greyhound Corp.*, 206 SC 156, 28 SE2d 673 (1944).

In the present case, Plaintiffs claim actual damages, however, their pleading make it clear that no actual damages have been incurred. Plaintiff's pleadings state that they have "been exposed to the risk of identity theft" and "will incur expenses for credit monitoring services."(emphasis added). By Plaintiff's own admission they have not yet incurred said damages. Also, in Plaintiff's Rule 26(a)(1) disclosures, they also indicate that any damages are anticipated and are yet to occur. "Actual damages necessary to be incurred by Plaintiff..."(emphasis added). In short, Plaintiff's admit that they have not experienced any identity theft to date and therefore, the compensation they seek is completely speculative.

In the event that Plaintiffs do expend monies for such services, the Plaintiffs are not entitled to reimbursement for credit monitoring services or for time and money spent monitoring his or her credit. *Randolph v. ING Life Insurance and Annuity Company*, 486 F. Supp.2d 1)(Dist of Columbia 2007). In *Forbes v. Wells Fargo Bank NA*, the Court said an argument that the time and money spent monitoring a plaintiffs' credit would suffice to establish an injury overlooks the fact that their expenditure of time and money was not the result of any present injury, but rather the anticipation of future injury that had not materialized. 420 F. Supp.2d 1018 (D. Minn 2006). In *Forbes*, the Court found that plaintiffs had not shown a present injury or reasonably certain future injury to support damages for any alleged increased risk of harm because their injuries were solely the result of perceived risk of future harm. *Id.* The present case has similarly situated litigants, in that the Plaintiffs have not shown a present injury or a reasonably certain future injury to support their claim for damages. Any anticipated future expenditures Plaintiffs

may possibly make in monitoring their credit are therefore not recoverable.

Because Plaintiff has failed to demonstrate that they have any actual damages, as the cost for monitoring their credit report is speculative and not the result of any present or reasonably certain future event, Plaintiff's Fourth Cause of Action should therefore be dismissed. .

**F.     PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED AS THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT DOES NOT APPLY TO THE COMPLAINED OF ACTIONS**

Plaintiff's contend in their Fifth Cause of Action that the filing of the proof of claim and Motion to Lift Stay form the basis of a South Carolina Unfair Trade Practices Act violation. Plaintiff, however, fails to meet the statutory elements of the South Carolina Unfair Trade Practices Act. Section 39-5-20, *South Carolina Code of Laws, 1976 (as amended)*, declares unlawful unfair methods of competition and unfair or deceptive acts of practices in the conduct of any trade of commerce. Trade and commerce includes the advertising, offering for sale, sale or distribution of any service and any property, tangible or intangible, real , personal, or mixed, and any other article commodity, or thing of value wherever situate. 39-5-10(b), *South Carolina Code of Laws*, 1976 (as amended). The alleged violations in the present matter did not occur in trade or commerce as defined by the statute, rather they occurred in a court proceeding. In *In re Rogers*, the Court found that the filing of a proof of claim was not "trade" or "commerce" under Louisiana's Unfair Trade Practices Act, stating that "the filing a proof of claim in a bankruptcy case cannot reasonably be construed as advertising, selling or distributing services or property within the meaning of the [Louisiana Unfair Trade Practices Act]" 391 B.R. 317, 327 (MD La 2008). The Bankruptcy Court for the Middle District of Florida, also held that the filing of a proof of claim was not "trade" or "commerce" under Florida's Unfair Trade Practices Act. *In re Williams*, 392 B.R. 882 (M.D. FL 2008). The Court in *In Re Williams*, held that the filing of a

proof of claim does not constitute trade or commerce and, therefore, would not constitute a violation of the Florida Unfair Trade Practices Act, as the unfair trade practices act was designed to "protect the consuming public and legitimate enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce" and cautioned that the complaint filed by the debtor was a "so-called attempt of creative lawyering to make a mountain out of a molehill and to transform a simple claim resolution process into an extensive and expensive proceeding." Id at 888.

Equally, if the filing of a proof of claim does not meet the requisite "trade of commerce" prong of an unfair trade practices act violation, it follows that the filing of a Motion to Lift Stay is also not a "trade or commerce". In this case, the Motion to Lift Stay was resolved by consent of the parties, with the documents containing the Plaintiffs' social security numbers being sealed permanently by the Court.

Because the complained of actions do not qualify as trade or commerce as defined under the South Carolina Unfair Trade Practices Act, the Plaintiff's cause of action seeking damages under the same should be dismissed.

G.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS PLAINTIFF LACKS STANDING AS THERE IS NO CASE AND CONTROVERSY**

To have standing a Plaintiff must demonstrate a case and controversy. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 LEd2d 556 (1984) In order to satisfy the standing requirement a plaintiff must establish that he has (1) suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) which is fairly traceable to the challenged act, and (3) is likely to be redressed by a favorable decision. *Randolph v. ING Life Insurance and Annuity Company*,

486 F. Supp.2d 1)(Dist of Columbia 2007)(see also cites therein)

In the present matter, the Plaintiffs lack standing as there is no injury in fact. The Plaintiffs claim actual damages, but admit in their pleadings that have "been exposed to the risk of identity theft and will incur expenses for credit monitoring", however, they have not yet incurred said damages. And in the event that they do expend monies for such services those expenses are not recoverable as outline above. In *Randolph v. ING Life Insurance and Annuity Company*, the Court held that the Plaintiffs lacked standing for want of an injury in fact, where the Plaintiff's only claim of damages was for credit monitoring services. 486 F. Supp.2d 1)(Dist of Columbia 2007). The present case is exactly the same as the Plaintiff have no injury in fact, which is a prerequisite to pursuing any cause of action and the Complaint against Green Tree should be dismissed.

## CONCLUSION

In sum, Plaintiff's complaint is fatally flawed and should be dismissed. Plaintiffs seek damages for violations of statutes and rules for which no private cause of action exists. Plaintiffs' have failed to establish that they have any damages and their claim for damages is purely speculative. Finally, Plaintiffs' lack standing. As such, Plaintiffs' Complaint should be dismissed.

LEATH, BOUCH, CRAWFORD & VON KELLER, LLP

BY: _____
Theodore von Keller # 5213
B. Lindsay Crawford, III #0921
Sara C. Hutchins #9571
Post Office Box 4216
Columbia, South Carolina 29240
(803) 790-2626
Attorneys for Defendant
Green Tree Servicing, LLC

Columbia, South Carolina
May 11, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:  WILLIAM EDWARD KILLIAN  NO. 05-14629-HB

ROSE MARY KILLIAN

---

WILLIAM EDWARD KILLIAN  PLAINTIFF
ROSE MARY KILLIAN

VS.  ADVERSARY NO.: 08-80250-HB

GREEN TREE SERVICING, LLC  DEFENDANT

---

CERTIFICATE OF SERVICE BY MAIL

I, Sara C. Hutchins, an employee of Leath, Bouch, Crawford & von Keller, LLP, do hereby certify that on this day I served the persons indicated below with the Amended Memorandum in Support of Motion to Dismiss, by placing a copy of same in the United States Mail, postage pre-paid, in envelopes addressed as follows:

John R. Cantrell, Jr., Esquire
Attorney at Law
Post Office Box 1276
Goose Creek, South Carolina 29445

William K. Stephenson, Jr., Esquire
Trustee
Post Office Box 8477
Columbia, South Carolina 29202

SARA C. HUTCHINS

Columbia, South Carolina
May 11, 2009