## U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 05-14629

ADVERSARY PROCEEDING NO: 08-80250

ORDER

The relief set forth on the following pages, for a total of 20 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/23/2009**



US Bankruptcy Court Judge
District of South Carolina

Entered: 07/23/2009

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>William Edward Killian and Rose Mary Killian,<br><br><br>Debtor(s). | C/A No. 05-14629-HB<br><br>Adv. Pro. No. 08-80250-HB |
| William Edward Killian, Rose Mary Killian,<br><br><br>Plaintiff(s),<br><br>v.<br><br>Green Tree Servicing, LLC,<br><br><br>Defendant(s). | Chapter 13<br><br>**ORDER** |

THIS MATTER comes before the Court on the Motion of Green Tree Servicing, LLC ("Green Tree"), to dismiss this adversary pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.   In this lawsuit Plaintiffs allege that Defendant, in violation of applicable authorities, placed personal information on the Court's public records that could have been viewed by anyone with internet access.  Plaintiffs allege that as a result they have been exposed to an increased risk of Financial, Criminal and Medical Identity Theft, and Identity Cloning.  Plaintiffs request injunctive relief, damages, and other relief from this Court.

To render a decision on the 12(b)(6) Motion the undersigned considered the Court's procedures for creating, maintaining, and accessing its public records,[1] and the allegations of the Complaint set forth below:

The Court has personal and subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1409.

To maintain its public records, this Court utilizes the Case Management/Electronic Case Filing system (CM/ECF) for filing and retaining court documents.[2] The Court's public records are primarily filed and exclusively retained electronically.[3] The public records in question are available for viewing by any party that visits the clerk's office, or any party with internet access that has a login and password to the Court's CM/ECF filing system and/or the Public Access to Court Electronic Records (Pacer) service.[4]

---

[1]    Generally, when ruling on a Rule 12(b)(6) motion to dismiss, consideration of anything outside the pleadings will convert the motion to one for summary judgment; however, there is an exception allowing courts to take judicial notice of certain facts and matters of public record without converting a Rule 12(b)(6) motion to one for summary judgment. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997). A court's use of judicial notice may be discretionary, and judicially noticed facts shall not be subject to reasonable dispute and must be "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b) & (c). Accordingly, this Court can and shall take judicial notice of its own rules, procedures, and policies without altering the nature of the present 12(b)(6) motion to dismiss. See Russell, Bankruptcy Evidence Manual, 2005 Ed., § 201.5.

[2]    "What is CM/ECF? In January 1996, the Administrative Office of the U.S. Courts began development of the Case Management/Electronic Case Filing (CM/ECF) system. CM/ECF is a comprehensive case management system that allows courts to maintain electronic case files and offer electronic filing over the Internet. Courts can make all case information immediately available electronically through the Internet. Eventually, CM/ECF will replace the current case management systems used by the federal courts across the country." http://pacer.psc.uscourts.gov/cmecf/ecffaq.html#GE1.

[3]    See Operating Order 08-07, Guidelines for the Filing of Documents with the United States Bankruptcy Court for the District of South Carolina.

[4]    "What is PACER? Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case information from federal courts. PACER is a service of the United States Judiciary, provided by the Administrative Office of the United States Courts. PACER offers an inexpensive, easy-to-use alternative for obtaining case information without having to visit the courthouse. PACER allows an Internet user to request information about a particular case or party. The data is immediately available for printing or downloading." http://pacer.psc.uscourts.gov/documents/pacer_brochure.pdf.

Anyone can register for Pacer access. Viewing this Court's public records on Pacer requires the following: a computer with internet access; a javascript enabled web browser; and completion of the registration form to obtain a login and password.[5] Pacer users must seek information from the Pacer website and pay a fee, and may view documents from any court that participates in that service. A Pacer user's access to any public file is documented by the Pacer system and billing process, which is charged at $.08 per page.

Access to CM/ECF is more restrictive. A login and password to this service must be obtained from a particular court and access is granted to that court's records only. In this Court, only attorneys admitted to practice before the United States District Court for this district, attorneys admitted *pro hac vice* to the Court, and limited attorney and non-attorney registrants who seek to file proofs of claim or reaffirmation agreements are granted access. CM/ECF registrants may search and view information from this Court's electronic files, may file documents with this Court as a result of that access, and receive communication and notice from this Court via an e-mail address provided with their registration.[6]

When a document is filed on the Court's public records, various parties are entitled to and/or receive notice of that filing, which is transmitted either electronically or by conventional methods such as U.S. Mail. Currently electronic transmissions, called Notices of Electronic Filing ("NEFs"), are sent to the email address provided by the CM/ECF filer.[7] NEFs include a link to the actual document filed that can be accessed, without a password or login, for a period of fifteen days. The transmission of these NEFs

---

[5]    See http://pacer.psc.uscourts.gov/faq.html#GP2.
[6]    See Operating Order 08-07, Guidelines for the Filing of Documents with the United States Bankruptcy Court for the District of South Carolina.
[7]    Id.

is recorded and archived by the Court.  The email recipient can view the document by opening the email and accessing the document via the link provided, and may print or electronically save the same.  There is no official tracking to determine who gains access to the document via the link contained in the email once it leaves the Court.[8]

Plaintiffs William Edward Killian and Rose Mary Killian filed a chapter 13 bankruptcy petition on October 16, 2005, listing Defendant Green Tree as a mortgage creditor.  On November 2, 2005, Green Tree, a non-attorney filer with a valid CM/ECF password and login, filed a proof of claim in this case on the Court's public records, attaching a copy of a February 1999 Retail Installment Contract evidencing the mortgage debt scheduled by the Killians.  That attachment included the Killians' social security numbers, full account number, and legal names.  This document could immediately be viewed by CM/ECF and Pacer participants.  An electronic NEF and link to view the document was also transmitted to a limited number of CM/ECF registrants.[9]

On July 30, 2008, Green Tree, through its attorney and his valid CM/ECF password and login, electronically filed a Motion for relief from stay, making that document part of the Court's public records, and attaching the above referenced document that again included the Killians' social security numbers, full account numbers, and legal names.  This Motion and its attachment could be immediately viewed by CM/ECF and Pacer participants.  An electronic NEF and link to view the document was transmitted to at least ten different email addresses per the Court's records.  Later on July 30, 2008, the Killians

---

[8]     The undersigned tested this process, and such emails can be forwarded to any party and viewed/saved/printed freely by additional recipients during this fifteen day period without any official record thereof.  For example, if a sole practitioner has one CM/ECF login and receives an NEF, he or she may forward that NEF to everyone in his or her office, or someone could intercept the email, and those parties have unrestricted access to the document for a limited time with no record thereof.  Of course, this lack of control is irrelevant unless the document contains sensitive information in violation of applicable law, rules and policies.

[9]     Records of the exact transmission in 2005 may be available, but were not reviewed.

filed a motion to restrict public access to the image of these two documents and the motion was granted on August 4, 2008. After that time, the Court disabled electronic access to the document to all parties that do not have a court login.[10]

The Complaint alleges that Green Tree intentionally communicated or otherwise made the Killians' sensitive and personal nonpublic information available to the public by placing that information on the Court's public records in violation of the standard of care set by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et. seq.; 11 U.S.C. § 107(c); Local Bankruptcy Rule 9029-1; Privacy Policy of the U.S. District Court for the District of South Carolina; The E-Government Act of 2002; 44 U.S.C. §§ 3500, et. seq.; Federal Rule of Bankruptcy Procedure 9037; Federal Rule of Civil Procedure 5.2; and others.

The Killians' Complaint requests relief based on the following causes of action: (1) Violations of the Gramm-Leach-Bliley Act; (2) Contempt of Court for violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data; (3) Contempt of Court and Violation of 11 U.S.C. § 107( c) and Federal Rule of Bankruptcy Procedure 9037 Failure to Redact Nonpublic Information; (4) State Law Negligence; and (5) Violation of the S.C. Unfair Trade Practices Act ("SCUPTA").

The Complaint summarily states under the First Cause of Action only that Plaintiffs have suffered actual damages, mental anguish and emotional distress and injury. Under the SCUTPA cause of action Plaintiffs seek an award of damages, including actual damages, punitive damages, treble damages, statutory penalties, costs and attorney fees. In

---

[10]        Court logins are only available to employees of the Court such as judges, law clerks, courtroom staff, case administrators, and support staff. Parties that appear before the Court (e.g., Attorneys, Trustees, Creditors, Limited Filing Creditors, individuals with Pacer logins) do not have court login capabilities and cannot view information that has been limited or redacted by the Court. Parties with Pacer access only would no longer be permitted to view such documents.

the general description of damages applicable to all causes of action titled "Actual Damages Incurred" the Killians allege that they "have been exposed to an increased risk of identity theft" and in order to insure protection from this increased risk they "need to incur expenses for credit monitoring services. . . .  The current reasonable rate for credit monitoring services is approximately twenty-five dollars ($25.00) per debtor per month. This cost includes insurance to cover the cost of any actual identity theft that may occur while the credit monitoring services are in place."  The Complaint alleges that this will be necessary for the rest of the Killians' natural lives.  The Complaint also alleges that the Killians are entitled to reimbursement for attorney fees and costs in the prosecution of this matter.

The Killians further demand that the Court address Defendant's conduct, including a request to "order Defendant to examine all proofs of claim or other documents filed with this Court" for any like violations and "redact all of those documents and refile them with this court, and then . . . send written notice to all parties whose nonpublic information was improperly disclosed so that they can take appropriate action."

## DISCUSSION AND CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  The purpose of such a motion is to test the sufficiency of the complaint.  Graves v. Horry-Georgetown Technical College, 512 F.Supp.2d 413, 421 (D.S.C. 2007).  "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support

of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.

### S.C. Unfair Trade Practices Act

The Killians argue that Defendant's unlawful publication of their nonpublic personal information violated the SCUTPA standards provided by In re Brown, 270 B.R. 43 (Bankr. D.S.C. 2001). The Brown case states that a SCUTPA claim requires a showing "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." Id. at 50.

Defendant claims that Plaintiffs' cause of action under SCUTPA should be dismissed because it is inapplicable to Defendant's alleged misconduct. South Carolina defines unfair trade practices as "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. Code Ann. § 39-5-20(a). South Carolina defines "trade" and "commerce" as "advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State." S.C. Code. Ann. § 39-5-10(b). Other bankruptcy courts have held that filing a proof of claim does not qualify as trade or commerce. See Rogers v. B-Real, L.L.C. (In re Rogers),

391 B.R. 317, 327 (Bankr. M.D. La. 2008); see also Williams v. Asset Acceptance, LLC (In re Williams), 392 B.R. 882, 888 (Bankr. M.D. Fla. 2008). This Court and others have held that filing a proof of claim "is the logical equivalent of a request for relief from the automatic stay . . . ." In re Sammon, 253 B.R. 672, 681 (Bankr. D.S.C. 2000); see also In re Surprise, 342 B.R. 119, 122 (Bankr. N.D.N.Y. 2006).

Defendant's actions in filing the proof of claim and motion for relief from stay do not meet the SCUTPA's definitions for "trade" or "commerce." Defendant's acts set forth in the Complaint do not fall within the ambit of the SCUTPA and therefore that cause of action is hereby dismissed as it fails to state a claim upon which relief can be granted.

### State Law Negligence

To support a recovery for negligence under South Carolina law, plaintiff is required to "show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." Crolley v. Hutchins, 300 S.C. 355, 356 (S.C. Ct. App. 1989); see also Trivelas v. S.C. Dept. of Transportation, 348 S.C. 125, 133 (Ct. App. 2001). A duty of care may be created by statute. Freeman v. Colwell Mortg. Corp., 297 S.C. 335, 338 (S.C. Ct. App. 1989); see also Rayfield v. S.C. Dep't of Corrections, 297 S.C. 95, 101 (S.C. Ct. App. 1988) ("[A] statute may be the source of a duty owed in negligence."). Under common law, there is no duty upon another to act; however, an affirmative legal duty will exist when created by statute. Rayfield, 297 S.C. at 100. If a duty of care is created by statute, a plaintiff must show two things in order to establish that the defendant owes him the duty: "(1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has

suffered; and (2) that he is a member of the class of persons the statute is intended to protect." 18 S.C. Jur. Negligence § 10 (citing <u>Rayfield</u>, 297 S.C. at 103).

The Killians assert that the duty of care arises from the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et. seq.; 11 U.S.C. § 107(c); Local Bankruptcy Rule 9029-1; Privacy Policy of the U.S. District Court for the District of South Carolina; The E-Government Act of 2002; 44 U.S.C. §§ 3500, et. seq.; Federal Rule of Bankruptcy Procedure 9037; Federal Rule of Civil Procedure 5.2; and others.   A review of the language of some of those authorities is warranted in this case.

### The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801

The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, states in relevant part:

*(a) Privacy obligation policy*
*It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.*
*(b) Financial institutions safeguards*
*In furtherance of the policy in subsection (a) of this section, each agency or authority described in section 6805(a) of this title shall establish appropriate standards for the financial institutions subject to their jurisdiction relating to administrative, technical, and physical safeguards--*
*(1) to insure the security and confidentiality of customer records and information;*
*(2) to protect against any anticipated threats or hazards to the security or integrity of such records; and*
*(3) to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer.*

### The E-Government Act of 2002, Public Law No. 107-347

The relevant portion of the E-Government Act of 2002, Public Law No. 107-347, is § 205(c)(3) which states the following in regards to electronic filings:

*(3) Privacy and security concerns.--*

(A)(i) *The Supreme Court shall prescribe rules, in accordance with sections 2072 and 2075 of title 28, United States Code, to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically or converted to electronic form.*

*(ii) Such rules shall provide to the extent practicable for uniform treatment of privacy and security issues throughout the Federal courts.*

*(iii) Such rules shall take into consideration best practices in Federal and State courts to protect private information or otherwise maintain necessary information security.*

*(iv) Except as provided in clause (v), to the extent that such rules provide for the redaction of certain categories of information in order to protect privacy and security concerns, such rules shall provide that a party that wishes to file an otherwise proper document containing such protected information may file an unredacted document under seal, which shall be retained by the court as part of the record, and which, at the discretion of the court and subject to any applicable rules issued in accordance with chapter 131 of title 28, United States Code, shall be either in lieu of, or in addition to, a redacted copy in the public file.*

*(v) Such rules may require the use of appropriate redacted identifiers in lieu of protected information described in clause (iv) in any pleading, motion, or other paper filed with the court (except with respect to a paper that is an exhibit or other evidentiary matter, or with respect to a reference list described in this subclause), or in any written discovery response--*

> *(I) By authorizing the filing under seal, and permitting the amendment as of right under seal, of a reference list that--*
>
>> *(aa) identifies each item of unredacted protected information that the attorney or, if there is no attorney, the party, certifies is relevant to the case; and*
>>
>> *(bb) specifies an appropriate redacted identifier that uniquely corresponds to each item of unredacted protected information listed; and*
>
> *(II) by providing that all references in the case to the redacted identifiers in such reference list shall be construed, without more, to refer to the corresponding unredacted item of protected information.*

(B)(i) *Subject to clause (ii), the Judicial Conference of the United States may issue interim rules, and interpretive statements relating to the application of such rules, which conform to the requirements of this paragraph and which shall cease to have effect upon the effective date of the rules required under subparagraph (A).*

10

*(ii) Pending issuance of the rules required under subparagraph (A), any rule or order of any court, or of the Judicial Conference, providing for the redaction of certain categories of information in order to protect privacy and security concerns arising from electronic filing or electronic conversion shall comply with, and be construed in conformity with, subparagraph (A)(iv).*

## 11 U.S.C. §107, Public Access to Papers

11 U.S.C. §107 provides:

*(a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.*
*. . .*
*(c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:*
> *(A) Any means of identification . . . contained in a paper filed, or to be filed, in any case under this title.*

## Rule 9037 of the Federal Rules of Bankruptcy Procedure

Rule 9037 of the Federal Rules of Bankruptcy Procedure provides the following:

*(a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:*
> *(1)    the last four digits of the social-security number and taxpayer-identification number;*
> *(2)    the year of the individual's birth;*
> *(3)    the minor's initials; and*
> *(4)    the last four digits of the financial-account number.*
*. . .*
*(d) PROTECTIVE ORDERS. For cause, the court may by order in a case under the Code:*
> *(1) require redaction of additional information; or*
> *(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.*

### Rule 5.2 of the Federal Rules of Civil Procedure

Rule 5.2 of the Federal Rules of Civil Procedure provides in part:

*(a) Redacted Filings.  Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:*
> *(1) the last four digits of the social-security number and taxpayer-identification number;*
> *(2) the year of the individual's birth;*
> *(3) the minor's initials; and*
> *(4) the last four digits of the financial-account number.*

### South Carolina Local Bankruptcy Rule 9029-1

South Carolina Local Bankruptcy Rule 9029-1, cited by the Killians in their Complaint, states that "[c]ertain matters of practice and procedure may be addressed by operating orders or guidelines.  Substantive amendments to these rules may be made by separate order and notice of such will be posted on the Court's website."  Pursuant to this Rule, this Court has offered guidance to litigants by operating order and on its website to assist them in complying with these laws and rules when filing documents on CM/ECF and conventionally and/or to assist them in repairing the record after an error is made.[11]

---

[11] **"REDACTION OF PRIVACY INFORMATION**

Pursuant to Federal Rule of Bankruptcy Procedure 9037, certain privacy information must be redacted from filings made with the Court. The failure to comply with Rule 9037, or to file an amended, redacted document where required, may result in a hearing before the Court. Once a document is filed with the Court that contains improper privacy information, a motion and proposed order are required to disable public access to the document, and a corrected pleading must be filed. If the filer is also the movant and does not intend to file a corrected pleading, the motion and proposed order should additionally include a withdrawal of the underlying document. If a hearing has been set on the underlying pleading, please refer to the portion of the Chambers Guidelines addressing Continuances, Settlements and Withdrawals.  The motion must contain *specific information* detailing how the pleading is violative of Rule 9037.

Two Form Proposed Orders Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading have been created to assist with the filing of such requests. Form A addresses those circumstances where a party that is not the filer of the document is seeking an order disabling public access due to privacy information. Form B addresses those circumstances where the filer of the document is seeking an order disabling

**U.S. District Court for the District of South Carolina
"Public Access to Documents in Electronic Case Files**

Likewise, the U.S. District Court for the District of South Carolina has a policy

titled "Public Access to Documents in Electronic Case Files" (available at

http://www.scd.uscourts.gov/Filing/publicAccess.asp):

> *Sensitive information should <u>not</u> be included in any documents filed with the court unless such inclusion is necessary and relevant to the case. Any personal information not otherwise protected will be made available over the Internet via WebPACER. In order to promote electronic access to the documents in the record while also protecting personal privacy and other*

---

public access on its own motion.
http://www.scb.circ4.dcn/pdf/chambers_guidelines/redaction_guidelines.pdf.

See also, http://www.scb.circ4.dcn/cmecf.html (click "Participant's Guides" hyperlink; then click "Redaction of Privacy Information" hyperlink; finally, click on the new "Redaction of Privacy Information" hyperlink), which provides:

"CM/ECF Participant's Guide"
**Redaction of Privacy Information**
**8/21/2008**

Pursuant to Federal Rule Bankruptcy Procedure 9037, certain privacy information must be redacted from filings made with the court. It has come to the attention of the Clerk of Court that certain redaction techniques with respect to electronic documents do not sufficiently redact the underlying information (metadata).

• A common approach with respect to paper documents is to use a black marker and black out the sensitive information.

• With the advent of highlighting capabilities in Adobe Acrobat, or similar capabilities, electronic
redaction has become more popular but may be ineffective.

• Utilizing the highlighter function in Adobe Acrobat, or a similar technique, often merely hides the
metadata, but the information is still imbedded in the document and may be readable.

• Effective means of eliminating the private data from electronic documents include omitting the
information altogether before printing the document to PDF as follows:

    o XXX-XX-1234
    o Using commercially available software
    o Fully blacking out the text before scanning

Please contact the Court's technical help desk on the Court's website, located under the "help" section, if you need further assistance.

**Note:** Pursuant to the Chambers Guidelines, a motion and proposed order are required to disable public access to a document improperly containing privacy information, and a corrected pleading must be filed.

If you are a ***Limited Creditor Filer*** you must file a "Request for Redaction of Privacy Information," attach a .pdf explaining in detail what needs to be redacted (without further revealing privacy information within the Request) and include a proposed order as set forth in the Chambers Guidelines.

13

*legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court.*

1. *Social Security Numbers. If an individual's Social Security number must be included, only the last four digits of that number should be used.*
2. *Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of the child should be used.*
3. *Dates of Birth. If an individual's date of birth must be included, only the year should be used.*
4. *Financial Account Numbers. If financial account numbers are relevant, only the last four digits of the number should be used.*
5. *Home Address in Criminal Cases Only. If a home address must be included, only the city and state should be listed.*
6. *Juror Information. If a document containing identifying information about a juror or potential juror must be filed (e.g., verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.*

*In compliance with the E-Government Act of 2002, any party filing a document with the court which contains personal data identifiers specified above may (a) submit it as an unredacted document under seal which will be retained by the court as part of the record <u>or</u> (b) submit it as a reference list under seal which contains the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the document. All references in the case to redacted identifiers included in the reference list will be construed to refer to the corresponding complete identifier. The reference list must be submitted under seal, and may be amended as of right. It will be retained by the court as part of the record.  The court may, however, still require the party to submit a redacted copy for the public file.*

*In addition, exercise caution when filing documents that contain the following:*

1. *a personal identifying number, such as driver's license number;*
2. *medical records, treatment and diagnosis;*
3. *an employment history;*
4. *individual financial information;*
5. *proprietary or trade secret information;*
6. *information regarding an individual's cooperation with the government;*
7. *information regarding the victim of any criminal activity;*
8. *national security information; and*
9. *sensitive security information as described in 49 U.S.C. § 114 (s).*

*Because of the security and law enforcement issues unique to criminal case information, some specific criminal documents will not be available to the public remotely or at the courthouse.*

*Until the court has ruled on a motion to seal, no document that is the subject of a motion to seal, nor the motion itself or any response thereto, will be available electronically or in paper form.*

Certainly this is ample legal authority to support a claim that Defendant had a duty to refrain from placing the Killians' personal information on the public record.

### Damages

Defendant argues, however, that even if a duty is established and a negligence cause of action is colorable, Plaintiff has not asserted damages in a manner that is sufficient to overcome a 12(b)(6) motion. A defendant "may be held liable for anything which appears to have been a natural and probable consequence of his negligence." Bramlette v. Charter Medical-Columbia, 302 S.C. 68, 72 (S.C. 1990). "[A] plaintiff may only recover for injuries proximately caused by the defendant's negligence." Trivelas, 348 S.C. 125, 136 (S.C. Ct. App. 2001). "[D]amages compensate the plaintiff in full for the preventable and established loss sustained by reason of tortious or proscribed acts." 22 Am. Jur. 2d Damages § 1, n. 3 (citing Albrecht v. Herald Co., 452 F.2d 124, 127-28 (8th Cir. 1971)). It is not necessary that the damage be actual or present, but rather it is sufficient that the injury *is to accrue* in the future. 17A C.J.S. Contracts § 170 (2008) (citing Lacey v. Edmunds Motor Co., 269 Ala. 398 (1959)) (Emphasis added). However, if the future injury "is speculative rather than reasonably certain, the plaintiff cannot recover." 11 S.C. Jur. Damages § 5 (citing Tappan & Noble v. Harwood, 29 S.C.L. (2 Speers) 536, 1844 WL 2612 (1844) (providing that no recovery is available for damages related to mental pain and anguish without physical injury to the person or any monetary loss); see also Pearson v. Davis, 26 S.C.L. 37, 1840 WL 2061 (1840); compare with Norris v. Southern Ry. Carolina Division, 65 S.E. 956, 959 (1909) (holding that recovery of damages for mental suffering without bodily injury is only available when authorized by

statute).    In addition, "[a]s a general rule, attorney fees are not recoverable unless authorized by contract or statute." 2 S.C. Jur. Attorney Fees § 2 (citing <u>Keeney's Metal Roofing, Inc. v. Palmieri</u>, 345 S.C. 550, 553 (S.C. Ct. App. 2001); <u>Dowaliby v. Chambless</u>, 344 S.C. 558, 561-62 (S.C. Ct. App. 2001); <u>Harvey v. South Carolina Dept. of Corrections</u>, 338 S.C. 500, 510 (S.C. Ct. App. 2000); and <u>NationsBank v. Scott Farm</u>, 320 S.C. 299, 304 (S.C. Ct. App. 1995).

The Complaint simply states that the Killians "have been exposed to an increased risk of identity theft" and in order to insure protection from this increased risk they "need to incur expenses for credit monitoring services. . . .  The current reasonable rate for credit monitoring services is approximately twenty-five dollars ($25.00) per debtor per month. This cost includes insurance to cover the cost of any actual identity theft that may occur while the credit monitoring services are in place."  The Court must be able to find that the allegations of the Complaint allege an *injury* that is *to accrue in the future.*  C.J.S. Contracts § 170 (2008) (citing <u>Lacey v. Edmunds Motor Co.</u>, 269 Ala. 398 (1959)) (Emphasis added).   In this case, the Killians' complaint simply alleges that the cost of credit monitoring, which is a *preventative remedy*, will accrue in the future.   The Complaint also mentions mental anguish and emotional distress and injury (under the First Cause of Action) but no specific injury is supported by the factual allegations, and no statutory basis for a claim of attorneys' fees is set forth.   Therefore, no actual injury or damage has been stated that is sufficient to overcome a Rule 12(b)(6) challenge to the negligence claims.

Viewing the Complaint in the light most favorable to Plaintiffs, the allegations of damages therein are insufficient on these facts to overcome Defendant's Motion to dismiss this cause of action for negligence.

### Violations of the Gramm-Leach-Bliley Act;
### Contempt of Court for Violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data;
### Contempt of Court and Violation of 11 U.S.C. § 107( c) and Federal Rule of Bankruptcy Procedure 9037 Failure to Redact Nonpublic Information

Some courts have held that the Gramm-Leach-Bliley Act and other authorities cited in these three causes of action do not create a private right of action.  Patchell v. Option One Mortg. Corp. (In re Patchell), 336 B.R. 1, 16 (Bankr. D. Mass. 2005); Good v. Khosrowshahi, 296 Fed. Appx. 676, 680 (10th Cir. 2008); French v. Am. Gen. Fin. Servs. (In re French), 401 B.R. 295, 310 (Bankr. E.D. Tenn. 2009)).   The Killians concede this point.   However, they ask for relief on these facts pursuant to 11 U.S.C. § 105 which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Plaintiffs allege that Defendant's violation of relevant statutes and rules is sufficient to warrant some finding of contempt or other remedy through § 105.  Defendant argues, and the Court agrees for the reasons set forth above, that the Killians have not plead private damages in a manner sufficient to survive a Rule 12(b)(6) challenge.  Therefore, to the

extent that the Killians are asking for monetary damages in a private cause of action, on these facts the cause of action must fail for the reasons discussed above.[12]

Defendants further argue that any violation of applicable authorities has been remedied. In this Court, ex parte orders filed pursuant to § 105 and Rule 9037 are routinely entered to remove personal information from public view. Plaintiffs requested removal of their private information from the public docket in this case and it was removed.[13] Even though Defendant's filing error was corrected as a result of Plaintiffs' initiative, the Killians ask the Court to further address this conduct and prevent such errors in the future. Plaintiffs cite Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375 (2007), which recognized recently that § 105 grants bankruptcy judges power to "take any action that is necessary or appropriate 'to prevent an abuse of process.'" It seems that placing a party's social security number or other private information on the public record, contrary to the spirit and purpose of the statutes, bankruptcy rules, and local rules discussed above, may constitute an abuse of process. This is especially true if this abuse is or may be repeated.[14]

Defendant argues that Plaintiffs' request for a review of Defendant's conduct should not be raised in an adversary proceeding, but rather by the Court's own initiative or brought to the Court's attention by motion. The Court finds that while bringing the matter to its attention in an adversary complaint may be unnecessary, it is not improper. The

---

[12] The Court reserves the right to consider monetary and nonmonetary relief, as appropriate under 11 U.S.C. § 105, to address inappropriate conduct as discussed below.

[13] Often such orders also require the violating party to file a new document with the private information redacted. In this case, the order submitted by the Killians' with their Motion merely limited public access and did not require the filing of a redacted document.

[14] During the past year, there were well over 100 instances of motions to redact and orders redacting documents containing private information, primarily a debtor's social security number, after such private information was inappropriately placed on the public records of this Court by a CM/ECF filer. Therefore, a widespread abuse of process by some party or parties may be present. Further, Defendant has twice filed documents in this case that required the subsequent redaction of private information.

allegations stated in the Complaint may affect the integrity of the bankruptcy process and once brought to light, the Court has the power to respond. <u>Eastern Diversified Distribs., Inc. v. Matus (In re Matus)</u>, 303 B.R. 660, 683 (Bankr. N.D. Ga. 2004) (stating that a bankruptcy court "has the inherent power of a federal court . . . to ensure that its process is not being abused"); <u>see</u> <u>In re Cheesman</u>, 25 F.3d 356, 360 (6th Cir. 1994) (providing that § 105 allows bankruptcy courts to exercise "broad equitable powers"), <u>See also</u> <u>McGahren v. First Citizens Bank & Trust Co. (In re Weiss)</u>, 111 F.3d 1159, 1171 (4th Cir. 1997).

Courts often fashion a remedy under § 105 in response to a violation of applicable laws and rules. <u>See</u> <u>French</u>, 401 B.R. at 314; <u>see also</u> <u>Southhall v. Check Depot, Inc. (In re Southhall)</u>, 2008 Bankr. LEXIS 3446, 2008 WL 5330001 (Bankr. N.D. Ala. Dec. 19, 2008). Therefore, the Court elects pursuant to 11 U.S.C. § 105 to consider Plaintiffs' request to review Defendant's conduct in this case to determine if any further action is warranted as a remedy and/or to prevent such conduct in the future.

**IT IS THEREFORE, ORDERED**, that Defendant's Motion to dismiss this adversary proceeding pursuant to Rule 12(b)(6) is **GRANTED** except as specifically set forth herein. The parties are hereby notified that the Court will hold a hearing on **September 3, 2009 at 1:30 p.m. in the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina 29201-2423**, to consider Plaintiffs' (Movants') request that the Court review Defendant's conduct to determine if any further action is warranted as a remedy and/or to prevent such future conduct pursuant to 11 U.S.C. § 105 and the authorities set forth in Plaintiffs' First, Second and Third Causes of Action.

**IT IS SO ORDERED**.